28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Lamar CHILES, Defendant-Appellant.
 No. 93-10698.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 17, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Lamar Chiles appeals his 190-month sentence imposed following his guilty pleas to armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d), and using a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c)(1). Chiles contends that the district court improperly enhanced his sentence by five levels pursuant to U.S.S.G. Sec. 2B1(b)(2)(C) for brandishing a firearm because the gun he displayed was not loaded. Chiles also contends that the district court erroneously believed it lacked the discretion to depart downward based upon Chiles's exceptional acceptance of responsibility. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's interpretation and application of the Guidelines. United States v. Burnett, 16 F.3d 358, 359 (9th Cir.1994). Generally, a district court's discretionary decision not to depart downward from the Guidelines is not reviewable. Id. at 361. We review de novo, however, a district court's legal determination that it lacked authority under the Guidelines to depart. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 4
 Here, Chiles contends that the handgun he displayed during the bank robbery should be classified as a "dangerous weapon" (three-level increase) rather than a "firearm" (five-level increase) for purposes of calculating his offense level. We disagree. The Guidelines define a firearm as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." U.S.S.G. Sec. 1B1.1, comment. (n. 1(e)). No distinction is made regarding whether the firearm is loaded or unloaded. Because Chiles neither alleged before the district court nor on appeal that the handgun was inoperable, the district court properly applied the five-level enhancement.
 
 
 5
 Regarding Chiles's request for a downward departure based upon exceptional acceptance of responsibility, the district stated, "there is nothing in ... [Chiles's] acceptance [of responsibility] that was made that would cause a downward departure." Because the court's statement does not appear to rest on the belief that a departure was prevented as a matter of law, we may not review the decision. See Belden, 957 F.2d at 676.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3